April 13, 2015

58,991-03

Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711-2308

Re: Writ No. 13-17857-A

Dear Clerk:

Enclosed is my Objections to the Trial Court's Findings and Conclusions please file said document under the above cause.

Respectfully Submitted,

Bruce A. Hillop #1197253
April 13, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 15 2015

Abel Acosta, Clerk

Ex Parte

Bruce Andrew Guillory

In The Court
of
Criminal Appeals of Texas

# Objections to the Trial Court's Findings of Fact and Conclusions of Law

### i - Introduction

The Applicant files this "Objections" and shows that the State's proposed findings of fact and conclusions of law are unsupported by and contrary to this record claim. The trial court's fact finding process is systematically flawed and unconstitutional, which produced findings of fact that are wholly unreliable and affective.

### ii - Proceeding

Applicant is in custody under the 252nd District Court of Jefferson County, Texas but contends that said county judgment violates the Constitution and laws of the United States.

After a parole revocation hearing on May 3, 2013, Applicant was sent to prison having not yet being convicted of a new offense. Nonetheless, Applicant suffered two convictions out of Jefferson County— Burglary on March 13, 2013; and Assault on October 7, 2013. Applicant files this instant writ.

### iii - Authorities & Supporting Case Law

In Ex parte Reed, 271 S.W. 3d 698 (Tex. Crim. 2008), this court of criminal appeals held that it "[h]as the statutory duty to review the trial court's factual findings and legal conclusions to ensure that they are supported by the record and are in accordance with the law."— 752.

Applicant asks that this Court exercise the discretion power stated above

WHEN REVIEWING THIS CLAIM THOROUGHLY.

### iV - OBJECTIONS TO THE TRIAL COURT'S FINDING PROCESS

The appropriate procedures were not employed on Applicant due process rights that resulted in this conviction through the parole revocation hearing. See Writ Ground One. Applicant further contested that the judgment under 13-17857 arising out of Jefferson County, Texas 252nd Courtroom violates the 14th Amendment Constitution right guaranteed to Applicant. The State affirmed part of Applicant's allegations in its findings. "At the time of applicant's parole revocation hearing on "May 3, 2013", and his return to TDCJ on "May 22, 2013" following revocation of his parole, as alleged under Ground 1, Applicant had not yet been convicted in the underlying offense in Jefferson County, Trial Cause 13-17857." Trial Court's Findings and Conclusions Pg. 2. Yet, the state believes Applicant is not entitled to relief and does not have a attack against his instant offense. On the contrary, Applicant challenges this conviction via means of the due process.

For the reasons stated herein and facts mention in Applicant's Writ Application, it is sought that this Court conduct an full investigation into the claim. In order to afford Applicant relief on this error.

Submitted by,

*Bruce A. McGillay*